UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 3, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | MAGISTRATE NO. 07-00447-M |
| | : | |
| | : | |
| v. | : | |
| | : | Violations: |
| IKELA MARCEA DEAN, | : | 18 U.S.C. §§ 201 (B)(2)(A) |
| | : | (Receipt of Bribe by a Public Official) |
| | : | 18 U.S.C. § 1951 (Extortion) |
| Defendant. | : | 18 U.S.C. § 2 (Causing an Act to Be Done) |

**INDICTMENT**

The Grand Jury charges that:

At all times material to this Indictment:

Introduction

1. Defendant IKELA MARCEA DEAN ("DEAN") was employed by the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), Basic Business License Division, Compliance Administration, as a Contact Representative. DEAN's office was located at 941 North Capital Street, N.E. in the District of Columbia.

2. As a DCRA Contact Representative, DEAN's duties and responsibilities included: reviewing and processing of applications for various business licenses, certificates and permits in accordance with applicable District of Columbia laws, regulations, policies and procedures. DEAN monitored deadlines for appropriate actions to be taken. Upon approval of applications, DEAN was required to input pertinent information electronically into the system for issuance of

appropriate permits, certificates or licenses.  DEAN's job duties gave her the ability to inflict financial harm upon businesses or to reward them.

      3.  The Omni Shoreham Hotel ("Omni Hotel"), located on 2500 Calvert Street, N.W. in Washington, D.C., was privately owned and is part of the Omni Shoreham Hotel chain ("Omni Hotels") which was headquartered in Irving, Texas.  Omni Hotels operated hotels and resorts in interstate commerce throughout the United States, Canada and Mexico.

      4.  On or about July 26, 2007, an independent inspector employed with an elevator company conducted a third-party inspection of the elevators at the Omni Hotel located at 2500 Calvert Street, N.W.  After the inspection, the independent inspector approved the elevators for use, and, on or about July 27, 2007, faxed his inspection report to the Chief Engineer for the Omni Hotel, and to the DCRA Basic Business License Division for renewal of the Omni Hotel's elevator licenses.

      5.  On or about July 31, 2007, an Omni Hotel representative telephoned DCRA to inquire about the status of Omni Hotel's elevator licenses.  DEAN informed the Omni Hotel representative that it had incurred late fees for the elevator license renewals, and that the late fees had to be paid in cash.

      6.  From on or about August 2007 through September 2007, DEAN advised various representatives of the Omni Hotel that if the Omni Hotel desired to renew its elevator licenses, it was required to submit a check in the amount of $2,736 to renew its elevator licenses, and would have to submit $1,050 in United States currency to pay related late fees for the elevator renewal.  Without the elevator licenses, the Omni Hotel would have difficulty servicing its customers who rely on the elevators to get to the 836 guest rooms that occupy the approximately 10 story hotel building.  Accordingly, without elevators, the hotel would suffer economic harm.

**CASH PAYMENTS TO DEAN**

7. On September 7, 2007, in the District of Columbia, DEAN advised the Chief Engineer of the Omni Hotel that the DCRA would approve the elevator renewal license if the Hotel paid for the license by check and paid a late fee in cash. The Chief Engineer proceeded to DCRA to pay the fees and fines. When the Chief Engineer went to DEAN's office, he gave DEAN all of the paperwork, including a check for $2,736 and $1,050 in cash.

8. Dean subsequently provided the Chief Engineer with two receipts. One of the receipts reflected the license renewal fee of $2,736, and the other $1,050 for the late fee. Both receipts were stamped "PAID" in red ink. However, the receipt for $2,736 was marked with an official machine validation from the D.C. Office of Tax & Revenue, but the receipt for $1,050 was not officially validated.

9. On September 12, 2007, DEAN agreed to provide the Omni Hotel a "temporary license" for a Cigar Bar and Billiard Room establishment within the hotel in return for a check in the amount of $475 for the license fee. DEAN represented that DCRA would approve the temporary license in return for an additional payment of $1,275 in cash, as a "late fee or back fee." On September 12, 2007, based on her directions, DEAN received a money order in the amount $475 for the temporary business license, and $1,275 in cash for the late fee or back fee. In exchange, DEAN supplied a billiard license for the Omni Hotel.

## COUNT ONE
### (Receipt of Bribe by a Public Official)

10. Paragraphs one through nine of this Indictment are realleged and incorporated by reference as if set out in full.

11. On or about September 7, 2007, within the District of Columbia and elsewhere, DEAN, being a public official, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept, things of value from individuals seeking to obtain District of Columbia elevator renewal licenses, to wit, United States currency, in return for being influenced in the performance of official acts, to wit, agreeing to issue and causing the issuance of elevator renewal licenses in exchange for money.

**(Receipt of a Bribe by a Public Official in Violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2)**

## COUNT TWO
### (Receipt of Bribe by a Public Official)

12. Paragraphs one through nine of this Indictment are realleged and incorporated by reference as if set out in full.

13. On or about September 13, 2007, within the District of Columbia and elsewhere, DEAN, being a public official, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept, things of value from individuals seeking to obtain District of Columbia temporary cigar and/or billiards bar operating licenses, to wit, United States currency, in return for being influenced in the performance of official acts, to wit, agreeing to issue and causing the issuance of Cigar Bar and/or Billiards Room license in exchange for money.

**(Receipt of a Bribe by a Public Official in Violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2)**

## COUNT THREE
### (Extortion Under Color of Official Right)

14. Paragraphs one through nine of this Indictment are realleged and incorporated by reference as if set out in full.

15. On or about September 7, 2007, in the District of Columbia and elsewhere, DEAN did knowingly attempt to affect interstate commerce and commerce within the District of Columbia and the movement of articles and commodities in interstate commerce and commerce within the District of Columbia by extortion, that is, as set forth more fully in Paragraph 7, DEAN unlawfully attempted to obtain approximately $1,050 in United States currency not due to DEAN from the Omni Hotel, with the Omni Hotel's consent, induced under color of official right.

**(Extortion Under Color of Official Right in violation of Title 18 United States Code Sections 1951, 2)**

## COUNT FOUR
### (Extortion Under Color of Official Right)

16. Paragraphs one through nine of this Indictment are realleged and incorporated by reference as if set out in full.

17. From on or about September 13, 2007, in the District of Columbia and elsewhere, DEAN did knowingly attempt to affect interstate commerce and commerce within the District of Columbia and the movement of articles and commodities in interstate commerce and commerce within the District of Columbia by extortion, that is, as set forth more fully in

Paragraph 9, DEAN unlawfully attempted to obtain approximately $1,275 in United States currency not due DEAN from the Omni Hotel, with the Omni Hotel's consent, induced under color of official right.

**(Extortion Under Color of Official Right in violation of Title 18 United States Code Sections 1951, 2)**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA