IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal Action No. 08- 05 (RBW) |
| : | |
| **IKELA DEAN** : | |
| : | |
| **Defendant.** : | |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Comes now the Defendant, Ikela Dean, by and through her attorney Antoini M. Jones, Esquire, and moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Fourth Amendment of the United States Constitution, for the entry of an appropriate Order suppressing the incriminating statements made by the Defendant in response to questioning by FBI agents on September 13, 2007, as well as all subsequent coerced incriminating statements made to Alicia Washington during a telephone conversation in which the Defendant was a script written by FBI agents in an effort to incriminate Ms. Washington. In support of this Motion, the defendant states as follows:

1. On September 13, 2007, the Defendant, Ikela Dean, was arrested at her place of employment, the District of Columbia Department of Consumer and Regulatory Affairs by agents of the Federal Bureau of Investigations.

2. On or about September 19, 2007, Special Agent, Larry Stewart, Jr., of the Federal Bureau of Investigations prepared a synopsis of the events in an effort to seek

approval to open a new investigation. Incorporated in said report is a summary of events that transpired during and after the arrest of the defendant. The report indicates that the Defendant was first questioned on September 13, 2007 at 4:30 pm after which time she was subsequently interviewed by agents in a public parking lot located at the corner of 1st and K Streets, NE, Washington DC.

3. The report indicates that at approximately 6:40 pm, and after consultation with Assistant United States Attorney, Timothy Lynch, the Defendant was advised that agents were placing her under arrest, further the writer indicated that at that time the Defendant was advised of her rights and signed a Waiver of Rights form. The writer indicates that at 9:30 pm the Defendant was transported to the FBI Washington Field Office for Processing.

4. That on September 30, 2008 at approximately 8:05 pm, FBI agent coerced the Defendant into calling Alicia Washington and reading a script that had been written by said agents, this telephone call was recorded but somehow failed to be mentioned in any of the correspondence regarding this case.

5. That at 9:45 pm at the District of Columbia Department of Consumer and Regulatory Affairs the Defendant completed her written statement to the FBI agents.

6. That according to the Advice of Rights Waiver that the Defendant signed it was not presented to the Defendant until 10:46 pm for her signature, well after the Defendant had been questioned and given a statement. The Defendant indicated that she signed the Advice of Rights form at 10:46 pm.

Wherefore the foregoing premises considered, it is prayed that defendant's motion to suppress statement be granted.

Respectfully submitted,

/s/Antoini M. Jones
**Antoini M. Jones, Esquire**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 209-0453
**Attorney for the Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress was mailed postage prepaid to Assistant States Attorney Lionel Andre at 555 Fourth Street, Washington, DC 20530 on this 17th day of June 2008.

/s/Antoini M. Jones
**Antoini M. Jones, Esquire**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | Criminal Action No. 08- 05 (RBW) |
| **IKELA DEAN** : | |
| **Defendant.** : | |

## MEMORANDUM AND POINTS OF AUTHORITY

_____Before interrogating a person who is in custody or otherwise deprived of his freedom of action in any significant way, the police must expressly advise the person (1) that he or she has a right to remain silent; (2) that any statement he or she makes may be used as evidence against him or her; (3) that he or she is entitled to consult with a lawyer and to have a lawyer with him during interrogation; (4) that an attorney will be appointed to represent him or her if he or she cannot afford to retain one; (5) that he or she may exercise any of these rights at any point during the interrogation. Miranda v. Arizona 384 U.S. 436, 444, 471 (1966). In addition, the government must prove that any waiver of rights was knowingly, voluntary and intelligent.

A waiver is effective only if it is the knowing, intelligent, voluntary, and intentional relinquishment of a known right or privilege. Miranda, 394 U.S. at 475-79. Waiver cannot merely because the person makes a statement after hearing advice of rights. If the interrogation continues without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that incrimination and his right to retained or appointed counsel. Miranda at 475.

In the instant case, the Defendant received the Advice of Rights Waiver after talking to investigators, writing a statement and participating in a telephone ploy to entrap Alicia Washington. Therefore the Defendant was prejudiced by the untimeliness of being presented with the Waiver.